UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-24863-CIV-ALTONAGA/Lett

THE GOURMET CRAB INC.,

    Plaintiff,
v.

D&D SEAFOOD CORPORATION, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court *sua sponte*, following transfer of the case to the undersigned due to related case, *Paradise Tails, Inc., et al. v. D&D Seafood Corp., et al.*, No. 25-cv-24603 (S.D. Fla. 2025). This case, like the *Paradise Tails* case, arises from alleged price fixing in the market for stone crab claws and spiny lobsters. (*See generally* Compl. [ECF No. 1]). On February 5, 2026, the Court issued a Scheduling Order [ECF No. 47], setting trial for the two-week trial calendar beginning February 9, 2027; and establishing various pre-trial deadlines, including a July 28, 2026, deadline to complete discovery. (*See id.* 1–2).[1]

On March 3, 2026, the United States of America filed a Motion to Intervene . . . [ECF No. 54], because of an ongoing criminal investigation by the Department of Justice's Antitrust Division into closely related conduct (*see* Mem. of Law . . . [ECF No. 55] 1–2). The Government also seeks a partial stay of discovery "to protect the integrity of the ongoing federal criminal investigation." (Mot. 1). Specifically, the Government asks for a stay of all depositions and interrogatory responses, as well as document production "that would reveal information about investigative steps

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

the [Antitrust] Division has taken or will take, including disclosure of Grand Jury material." (*Id.* (alteration added)).

The Court is mindful of the ongoing criminal investigation, which presents a significant and unpredictable obstacle to the orderly progress of this case. Under the circumstances, the prudent course is to administratively close the case, requiring the parties to periodically update the Court regarding the status of the criminal investigation. This approach protects against unwarranted delay and addresses the goal of efficient case management. It is also consistent with the Court's recent stay of the *Paradise Tails* case. (*See Paradise Tails*, March 3, 2026 Order [ECF No. 143], filed Mar. 3, 2026 (S.D. Fla. 2025)).

The parties shall continue taking discovery, consistent with the Government's request that the parties not seek information about the Antitrust Division's investigative steps, including disclosure of Grand Jury material. Any party may move to reopen this proceeding when the criminal investigation no longer poses an impediment to any new and amended scheduling order.

Accordingly, it is

**ORDERED** as follows:

1. The Clerk of Court is instructed to mark the case as **CLOSED** for administrative purposes only.

2. All pending motions are **DENIED as moot**. Plaintiff is not required to file a response to the Government's Motion to Intervene. (*See* March 3, 2026 Paperless Order [ECF No. 57]).

3. The parties shall continue taking discovery and shall submit joint status reports, every **60 days**, advising the Court of the status of the ongoing criminal investigation and their discovery efforts.

4. The Court retains jurisdiction, and the case shall be restored to the active docket upon court order following motion of a party accompanied by a proposed, joint scheduling report.

**DONE AND ORDERED** in Miami, Florida, this 4th day of March, 2026.

*[signature]*

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:     counsel of record